UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZURICH AMERICAN INSURANCE
COMPANY as subrogee of WALTER
TOEBE CONSTRUCTION COMPANY,

Plaintiff,

v.

MACK INDUSTRIES, INC.,

Defendant.

Case No. 14-cv-14244

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [33]**

**I. INTRODUCTION**

Zurich American Insurance Company ("Plaintiff") commenced this action against Mack Industries, Inc. ("Defendant") in the Circuit Court for the County of Livingston. *See* Dkt. No. 1 (Exhibit A). On November 4, 2014, the action was removed to Federal Court. *Id.* On September 18, 2015, the Defendant moved for summary judgment. *See* Dkt. No. 21. This Court granted summary judgment to the Defendant on December 8, 2015. *See* Dkt. No. 31.

-1-

Presently before the Court is Plaintiff's Motion for Reconsideration. *See* Dkt. No. 33. For the reasons discussed below, the Motion for Reconsideration is **GRANTED**.

## II. BACKGROUND

Plaintiff originally filed the instant action against Defendant claiming to enforce an indemnification clause in a Purchase Order ("PO"). *See* Dkt. No. 1 (Exhibit A, pp. 2–5). Defendant moved for summary judgment on the basis that the claim was barred by the statute of frauds and that there was no enforceable contract between the parties. *See* Dkt. No. 21. At oral argument, the Defendant admitted to the Court that the parties had formed an oral contract before the PO was ever sent. Transcript of Oral Argument at 4–5. The Court granted summary judgment on the grounds that an enforceable oral contract had been formed, rendering the PO a mere confirmation of the agreement, and any additional terms, including the indemnification provision, unenforceable. *See* Dkt. No. 31.

## III. LAW AND ANALYSIS

Motions for Reconsideration are governed by Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only

> demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

Upon a careful review of the record, Plaintiff has demonstrated a palpable defect within the Court's Order. Plaintiff chiefly argues that the Court was misled by the Defendant's concession of an oral contract at oral argument, and because the issue was not raised by the Defendant's Motion for Summary Judgment, the Plaintiff did not have an adequate chance to respond.

Parties are generally expected to set forth all their arguments in support of summary judgment in a single dispositive motion; piecemeal litigation at the summary-judgment stage is disfavored. *McKay v. Federspiel*, No. 14-cv-10252, 2015 WL 163563, at *3 (E.D. Mich. Jan. 13, 2015); *see also* Fed. R. Civ. P. 56(a).

Defendant did not address the issue of an oral contract in its original motion. *See* Dkt. No. 21. Defendant only argued that the claim was barred by the statute of frauds and that there was no enforceable contract. *See id.*

Despite this fact, at oral argument Defendant conceded, for the first time, that an oral contract had been formed. *See* Transcript of Oral Argument at 4–5

("We're not disputing that there is a contract or an agreement as it relates to the price and the quantity and that we delivered it. I mean, we can't argue that . . . there was discussions only about price and material and some delivery time with a 'go ahead get started.' That was what the contract or the agreement was."). At this point, the matter had already been fully briefed. Plaintiff had not briefed this specific issue.

As noted by the Plaintiff, the Court was left wanting for more facts in its Opinion. *See* Dkt. No. 31 at 6–7 (Pg. ID No. 279–80) ("The parties have not given much in the way of facts regarding the depth of these conversations in their briefs."); *see also id.* at 7 (Pg. ID No. 280) ("Here, once again, the parties don't provide much in the way of facts with regard to events prior to the [Purchase Order] being sent in May of 2009."). The Court concluded there was an oral contract because the parties agreed to material terms and work began before any written contract was sent to the Defendant. *Id.* ("Mack's commencement of work was done in reliance on the communication with Toebe, and thus Mack accepted the oral contract.").

However, having had an opportunity to brief the issue more fully, Plaintiff argues that "the discussions held before the Purchase Order occured during the bid process for the Michigan Department of Transportation construction project," and "any prior discussions discussions between the parties were understood to be part

-4-

of the bid process, and not binding on the parties until the Prime Contract was issued by the MDOT." Dkt. No. 33 at 25 (Pg. ID No. 308). In other words, Plaintiff argues that the parties understood, despite reaching agreement on some important terms, that there was no contract.

The Court originally relied on the deposition testimony of Jeffrey Stover in its conclusion that a contract had been formed. *See* Dkt. No. 31 at 6 (Pg. ID No. 279). However, Plaintiff provides testimony from Jeffrey Stover that cuts against this conclusion:

> Q. When you were discussing terms of the quote with representative of Mack Industries, was a final agreement reached, a final agreement that would take the place of a purchase order?
>
> A. Absolutely not.
>
> Q. Okay. What was the final agreement that was reached with regard to the purchase of panels from Mack Industries?
>
> A. The terms of our purchase order that we sent them.

Dkt. No. 33 at 19–20 (Pg. ID No. 302–03) (citing Dep. Stover, P. 68, L. 2–10). This excerpt was not included in the original pleadings.

Plaintiff further argues that in the construction industry, an oral contract does not arise "every time a contractor and subcontractor merely come to some understanding on esential terms." Dkt. No. 33 at 29 (Pg. ID No. 312). The testimony of a witness, Bill Deacon, evidences this custom. *Id.* at 27 (Pg. ID No. 310).

Whether Plaintiff's assertions are true is not for this Court to decide. Regardless, Plaintiff's arguments do present an issue of material fact regarding the formation of the contract that, if originally argued, would have resulted in a different disposition of Defendant's Motion for Summary Judgment. The only reason why they were not argued was because Plaintiff was not provided notice of Defendant's belief that an oral contract existed. Accordingly, the motion will be granted.

## IV. Conclusion

For the reasons state above,

IT IS ORDERED that the Plaintiff's Motion for Reconsideration [33] is **GRANTED**.

IT IS FURTHER ORDERED that the Defendant's Motion for Summary Judgment [21] is **DENIED**.

IT IS FURTHER ORDERED that a status conference will be held on February 16, 2016 at 3:00 p.m. to put this matter back on track for trial.


Dated: February 8, 2016         /s/Gershwin A Drain
Detroit, MI                     Hon. Gershwin A. Drain
                                United States District Court Judge