UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZURICH AMERICAN INSURANCE
COMPANY as subrogee for WALTER
TOEBE CONSTRUCTION,

    Plaintiff,

v.

MACK INDUSTRIES, INC.,

    Defendant.
_____/

Case No. 14-cv-14244

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION [37]**

**I. INTRODUCTION**

Zurich American Insurance Company ("Plaintiff") commenced this action against Mack Industries, Inc. ("Defendant") in the Circuit Court for the County of Livingston. *See* Dkt. No. 1 (Exhibit A). On November 4, 2014, the action was removed to Federal Court. *Id.* On September 18, 2015, the Defendant moved for summary judgment. *See* Dkt. No. 21. This Court granted summary judgment to the Defendant on December 8, 2015. *See* Dkt. No. 31. On February 8, 2016, upon Plaintiff's Motion for Reconsideration [33], the Court reversed its summary judgment ruling. *See* Dkt. No. 35.

-1-

Presently before the Court is Defendant's Motion for Reconsideration. *See* Dkt. No. 37. For the reasons discussed below, the Motion for Reconsideration is **DENIED**.

## II. BACKGROUND

Plaintiff originally filed the instant action against Defendant claiming to enforce an indemnification clause in a Purchase Order ("PO"). *See* Dkt. No. 1 (Exhibit A, pp. 2–5). Defendant moved for summary judgment on the basis that the claim was barred by the statute of frauds and that there was no enforceable contract between the parties. *See* Dkt. No. 21. At oral argument, the Defendant stated to the Court that the parties had formed an oral contract before the PO was ever sent. Transcript of Oral Argument at 4–5. The Court granted summary judgment on the grounds that an enforceable oral contract had been formed, rendering the PO a mere confirmation of the agreement, and any additional terms, including the indemnification provision, unenforceable. *See* Dkt. No. 35.

On February 22, 2016, Plaintiff filed a Motion for Reconsideration [33] of the Court's Opinion. On February 8, 2016, the Court granted Plaintiff's Motion, and reversed its prior Order. There, the Court held that Plaintiff had demonstrated a palpable defect in the prior order, showing that they were not given notice of the dispositive issue, and providing evidence of a genuine issue of material fact. On

February 22, 2016, Defendant filed a Motion for Reconsideration of the Court's reconsideration.

### III. LAW AND ANALYSIS

Motions for Reconsideration are governed by Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.' " *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

The Defendant does not present any authority supporting the position that the Court may reconsider a grant of reconsideration. For the purposes of this motion, the Court assumes that it may. Defendant makes three arguments for why the Court should reconsider its prior Order: (1) Defendant did not mislead the Court during its Motion for Summary Judgment [21]; (2) Defendant is entitled to summary judgment despite Plaintiff's Motion for Reconsideration [33]; and (3) the Court improperly reversed its opinion without permitting Defendant to brief the

issues. Under careful review of the record, the Defendant has not demonstrated a palpable defect within the Court's Order.

### A. Defendant's First Argument

In the Court's Opinion and Order granting Plaintiff's Motion for Reconsideration [35], the Court found the issue of oral agreements was never raised in Defendant's original Motion for Summary Judgment. Additionally, the Court found that as a result of Defendant's omission, Plaintiff was not given proper notice of the argument. The Court further held that, had the issue been raised, Plaintiff would have been able to present genuine issues of material fact.

In the instant motion, Defendant argues that it "never suggested that there was no agreement with Toebe, as Zurich suggests." Dkt. No. 37 at 5 (Pg. ID No. 503). The Defendant further argues that Plaintiff's Motion for Reconsideration took the Defendant's argument "out of context so that it [appeared]" that the Defendant argued that there was no agreement at all.

In the Court's Order granting Plaintiff's Motion for Reconsideration, the Court carefully reviewed the briefing submitted by the parties. The Court found that "Defendant did not address the issue of an oral contract in its original motion." Dkt. No. 35 at 3. Whatever "context" surrounding the original briefing was not obvious to the Court then and it is not obvious to the Court now. *See, e.g.* Dkt. No. 21 at 11 (Pg. ID No. 89) ("Clearly, the conduct of Toebe and Mack constitutes, at

most, expressions of intentions, discussions and negotiations, and cannot constitute a binding contract."); Dkt. No. 28 at 5 (Pg. ID No. 262) ("Based on these undisputed facts of this case, a valid contract was never created because there was no meeting of the minds between the parties on the essential terms of the alleged agreement, including indemnification."); *Id.* at 6 (Pg. ID No. 263) ("If, alternatively, this Court determines that a contract existed between Mack and Toebe, then the contract failed to comply with either codifications of Michigan's Statute of Frauds, MCL 566.132(1) and/or MCL 440.2201 and is therefore not enforceable."). Accordingly, this argument fails.

## B. Defendant's Second Argument

Defendant next argues that it was still entitled to summary judgment based on the arguments left unaddressed in the Court's Opinion and Order. In the Defendant's Motion of Summary Judgment, Defendant raised two arguments: (1) the Plaintiff's claim was barred by the statute of frauds, and (2) Plaintiff could not meet its burden of proof that a valid contract existed between the parties. *See* Dkt. No. 21. In Defendant's Reply brief, Defendant did not raise any new arguments.[1]

---

[1] In Defendant's Motion for Reconsideration, Defendant argues that Plaintiff's interpretation of the Purchase Order renders the Purchase Order untenable due to Michigan's abolishment of joint and several liability. However, this argument was not raised by Defendant in their Motion for Summary Judgment, and thus will not be addressed on reconsideration. *Werdlow v. Caruso*, No. 09–11003, 2011 WL 52608 (E.D. Mich. January 7, 2011) (citing *Hamilton v. Gansheimer*, 536 F. Supp. 2d 825, 842) ("Courts should not reconsider prior decisions where the motion for

In the original Opinion and Order Granting Defendant's Motion, the Court held that the statute of frauds did not bar Plaintiff's claim, and that an oral contract had been formed prior to the issuance of the Purchase Order. *See* Dkt. No. 31. Therefore, the Court addressed both of the issues raised in Defendant's summary judgment motion. *Id.* The Court's later finding of an issue of material fact with regard to the formation of the oral contract, and subsequent reversal of its summary judgment order, did not throw the case back into the wheelhouse of Defendant's Motion for Summary Judgment. Therefore, this argument also fails to point to an obvious or clear flaw.

### C. Defendant's Third Argument

Finally, Defendant argues that the Court erred in reversing its original order and should have allowed the parties to brief the issues. However, Defendant points to no authority demonstrating that the Defendant was entitled to respond to Plaintiff's Motion for Reconsideration. Due to the evidence provided by Plaintiff on reconsideration, in combination with the evidence already in the record (provided by both parties), the Court held that there was a genuine issue of material fact as to whether the parties had an oral contract. That evidence included testimony of Jeffrey Stover, Vice President of Estimating and Business Development at Toebe Construction, stating explicitly that the parties had not

---

reconsideration . . . proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue.").

reached agreement through oral negotiations. Defendant's belief that a rehearing would be "appropriate" does not raise a palpable defect in the Court's order.

### IV. CONCLUSION

Accordingly, for the reasons stated above, Defendant's Motion for Reconsideration [37] is **DENIED**.

IT IS SO ORDERED.

Dated: March 28, 2016 /s/Gershwin A Drain
Detroit, MI HON. GERSHWIN A. DRAIN
United States District Court Judge